# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RICHARD SMITH, § § PLAINTIFF, § § V. § § TUESDAY MORNING CORPORATION § D/B/A DELAWARE TMC CORPORATION § § DEFENDANT. § | CIVIL NO. 3-06CV1046-R ECF |

## MEMORANDUM OPINION AND ORDER

Before the Court is Tuesday Morning Corporation's Motion for Summary Judgment (filed June 28, 2007) (Dkt. No. 14). After careful consideration of all parties' submissions and the law applicable to the issues before the Court , the Court **GRANTS** this Motion.

## I. BACKGROUND

Plaintiff Richard Smith (Smith) filed suit against his previous employer, Tuesday Morning Corporation, (Tuesday Morning) for alleged violations of the American's with Disabilities Act (ADA), 42 U.S.C. § 12112 et. seq.

On June 20, 2003, Richard Smith, a truck driver for Tuesday Morning, injured his back resulting in herniated discs. Smith was attempting to embark the truck and accidently stepped into an uncovered water meter hole, resulting in injuries to his legs, back, and wrists. He was transported to a medical facility and received treatment. A physician released Smith to work with restrictions on June 23, 2003. As a result, Tuesday Morning placed Smith in a light duty position doing filing.

1

Smith claims he was assigned to move heavy file boxes in violation of the restrictions from his doctor. As an alternative, Smith claims he requested a dispatcher position but received no response from his employer. Thereafter, Smith visited a chiropractor who restricted him from doing any type of work until some time in 2005.

Smith took a leave of absence from Tuesday Morning beginning June 26, 2003. Tuesday Morning's policy provides employees a maximum of six months leave of absence. On November 14, 2003, Tuesday Morning sent Smith a letter warning him that on December 26, 2003 his six month leave would expire, and his employment would be terminated in accordance with the policy. After Smith received the letter, he again visited his chiropractor on December 10, 2003 who concluded that Smith was to remain off work indefinitely. When he did not return to work, Smith was terminated by Tuesday Morning on January 2, 2004 in accordance with their leave of absence policy. Upon being released from treatment in 2004, Smith has resumed working as a truck driver with a different employer.

On June 13, 2006 Smith filed suit against Tuesday Morning for violations of ADA sections 102(a), 102(b)(1) and 102(b)5(B) and 42 U.S.C. §§ 12112(a), 12112(b)(1) and 12112(b)(5)(B). Specifically, Smith claims that Tuesday Morning discharged him, a qualified individual with a disabling back injury, from his position as a truck driver because of his disability. Smith seeks damages of lost earnings, insurance premiums, compensation for pecuniary losses, and reinstatement to his position.

Tuesday Morning argues Smith cannot show (1) he is disabled withing the meaning of the ADA, (2) that he was qualified for the position, (3) that other similarly situated non-disabled persons received more favorable treatment, or that (4) Tuesday Morning's legitimate, nondiscriminatory

reason for terminating his employment was pretextual. On June 28, 2006 Tuesday Morning filed a Motion for Summary Judgment on all of Smith's claims.

## II. ANALYSIS

In order to establish a *prima facie* case of disability discrimination under the ADA and avoid summary judgment, Smith must show the following: (1) he has a disability, (2) he is qualified for the job, and (3) the decision to terminate him was made solely because of his disability. *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir.2001). Smith claims he was terminated due to his back injury in violation of the ADA. Tuesday Morning claims Smith does not have a disability, and he was terminated pursuant to a uniform leave of absence policy. The Court GRANTS Tuesday Morning's Motion for Summary Judgement for the following reasons: (1) Smith's back injury does not qualify as a disability, or in the alternative, (2) he is not a "qualified individual" under the statute and (3) his termination in accordance with Tuesday Morning's leave of absence policy was nondiscriminatory.

**A. Summary Judgment Standard**

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . ." FED. R. CIV. P. 56(c)). An issue is material if it involves a fact that might affect the outcome of a suit under governing law. *See Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir.

1994). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The court must inquire as to whether there is sufficient evidence upon which reasonable jurors could properly find by a preponderance of the evidence that Plaintiff is entitled to a verdict. *Anderson*, 477 U.S. at 249-50. In other words, summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A "sufficient showing" consists of more than a scintilla of evidence in support of the moving party's position. *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of an essential element).

**B. Smith does not have a disability as defined under the ADA.**

Smith does not have a disability as that term is defined under the ADA because his back injury does not substantially limit a major life activity. *See, e.g., Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 614 (5th Cir. 2001). The ADA defines a disability as "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment."[1] 42 U.S.C. § 12102(2). Major life activities include "functions such as caring for oneself, speaking, breathing, learning and working," and also "sitting, standing, lifting, and reaching." 29 C.F.R. App. 1630.2(I). Therefore, to defeat summary judgment, Smith must "(1) have a mental or physical impairment that (2) substantially limits (3) a major life activity." *Dupre,* 242 F.3d 610 at 613 (citing Bragdon v. Abbott, 524 U.S. 624(1998)). Smith claims he is substantially impaired in the following major life activities: (1) climbing, (2) bending, (3) recreational activity, (4) sexual activity, (5) sleeping, and (6) standing, sitting and walking.[2] The Court will address each of these allegations in turn.

*Climbing*

While Smith's back injury may substantially limit his ability to climb, the Fifth Circuit has held that climbing does not constitute a major life activity as defined under the ADA. *See Rogers*

---

[1] To the extent Smith claims that he has a "record of" or was "regarded as" being disabled, that issue is not properly before the court, as it was not raised in his original complaint or in his amended complaint (See Response, at 13-14). As such, it cannot now be raised for the first time in response to a motion for summary judgment. *Ingles v. Neiman Marcus Group*, 974 F.Supp. 996, 1003 (S.D. Tex. 1997); *see also Davis v. A.G. Edwards & Sons, Inc*., 823 F.2d 105, 107 (5th Cir. 1987). In any event, Plaintiff has presented insufficient evidence to proceed under the "regarded as" or "record of" theories. *See, e.g., Sherrod v. American Airlines*, 132 F.3d 1112, 1120-21 (5th Cir. 1998). Therefore, the Court focuses the analysis on a disability in fact.

[2] Plaintiff alleges for the first time in his Response that he is limited in the major life activity of working (Response, at 16). This issue is not properly before the court. See *Ingles,* 974 F.Supp. at 1003. Additionally, the Court finds no evidence to support this assertion and declines to address it.

*v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 n. 2 (5th Cir.1996).

*Bending*

This Court finds that bending is not a major life activity. *Cannizzaro v. Neiman Marcus, Inc.,* 979 F.Supp. 465, 476 (N.D.Tex.1997). Even assuming that it is, Smith has not presented sufficient evidence that he is substantially limited in his ability to bend. Smith merely states that bending causes him pain. *See, e.g.*, *Middleton v. Ball-Foster Glass Container Co., L.L.C.,* 139 F.Supp.2d 782, 793 (N.D.Tex.2001) (finding that inability to excessively bend does not restrict a major life activity).

*Recreational Activity*

Additionally, Smith complains of limited ability to engage in recreational activities, such as sports, with his son. This Court holds that recreational activities are not major life activities. *See, e.g., Shannon v. Henderson,* No. 01-10346, 2001 WL 1333633, at *6 (5th Cir., Sept. 25, 2001) (holding that hunting is not a major life activity); *see Weber v. Strippit, Inc.*, 186 F.3d 907, 914 (8th Cir.1999) (holding that shoveling snow, gardening, mowing the lawn, playing tennis, fishing, and hiking are not major life activities).

*Sexual Activity*

Although courts have held that sexual activity is a major life activity as it relates to reproduction in some specific contexts, the law in this circuit is not clear as to whether sexual activity in general is a major life activity. *See Bragdon v. Abbott,* 524 U.S. 624, 639 (1998); *see also White v. Bank of America Corp.*, No. 99-2329, 2000 WL 1664162, at *4 (N.D.Tex. November 2, 2000) (holding that plaintiff with hepatitis C was disabled because sexual activity could cause spread of infection); *but see Qualls v. Lack's Stores, Inc.*, No. 98-149, 1999 WL 731758, at *2 (N.D.Tex.

March 31, 1999) (finding that plaintiff with hepatitis C was not disabled because sexual intercourse is not major life activity). However, even if the Court were to hold that sexual activity is a major life activity under the ADA, Smith is not "substantially limited" in his ability to engage in sexual intercourse. Smith alleges that engaging in sexual activity is more difficult and less frequent due to his back injury. The Court holds that these mere assertions without medical evidence are insufficient to create a material fact issue over whether Smith is in fact disabled. *See Contreras v. Suncast Corp.*, 237 F.3d 756, 764 (7th Cir.2001); *See also Watkins v. Roadway Express, Inc.*, No. 01-10065, 2001 WL 1085103, at *3 (5th Cir., Aug. 30, 2001).

*Sleeping*

Although sleeping has been recognized by some courts as a major life activity, the law in this circuit is unsettled as to whether sleeping constitutes a major life activity. *See Hollon v. La. Pac. Corp.*, No. Civ. A. 9:04-CV-183, 2005 WL 1398711, at *6 (E.D.Tex. June 14, 2005). However, even assuming that it is, Smith's evidence does not raise a genuine issue of material fact as to whether his impairment substantially limits his ability to sleep. Here, Smith simply states that he tosses and turns, and he is only able to sleep approximately five hours per night. Additionally, Smith has not submitted any evidence that lack of sleep has impacted his daily life. Therefore, the Court holds that Smith is not substantially limited in the life activity of sleeping. *Cf. Kurth v. Gonzalez*, 472 F.Supp.2d 874, 881 (E.D.Tex.2007) (finding that inability to sleep longer than thirty minutes at a time combined with nightmares substantially limited the major life activity of sleeping).

*Standing, Sitting, and Walking*

However, the Equal Employment Opportunity Commission regulations do specifically mention standing, sitting, and walking as major life activities, so this Court must now determine if

7

Smith is substantially limited in his ability. The regulations describe "substantial limitation" as that which leaves an individual:

> (I) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(j)(1). Smith claims that he can walk but requires rest after walking for an hour. He also states he may walk with a limp if his pain flares up. Further, he claims he can neither sit nor stand up straight for long periods of time. However, difficulty walking long distances does not rise to the level of a disability under the ADA. *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir. 1999). Similarly, difficulty standing or sitting for long periods of time is not a substantial limitation. *See e.g., Dupre*, 242 F.3d at 614. Smith has not demonstrated that his back injury leaves him unable to stand, sit, or walk or that he is "significantly restricted ... as compared to the condition, manner, or duration under which the average person" can do so. 29 C.F.R. § 1630.2(j)(1). The summary judgment record also reveals that Smith is able to care for himself and all of his essential needs. *See Watkins,* 2001 WL 1085103, at *2. "An impairment without any evidence that it substantially limits a major life activity is insufficient to bring an employee within the protection of the ADA." *Avina v. Dallas Indep. School Dist.*, No. CIV.A.3:97-CV-3056-L, 1999 WL 288673, at *4 (N.D. Tex. April 30, 1999). Accordingly, this Court finds that Smith has failed to present sufficient evidence creating a genuine issue of fact regarding whether he is significantly restricted

in his major life activities of walking, sitting, or standing. Therefore, the Court finds that Smith has no actionable disability discrimination claim under the ADA and that Tuesday Morning's Motion for Summary Judgement should be granted.

**C. Smith is not a "qualified individual" under the ADA.**

In the alternative, even if the Court were to assume that sufficient evidence presented a fact issue as to whether or not Smith was disabled within the meaning of the ADA, the Court finds that Plaintiff is not a "qualified individual" under the ADA. The ADA defines a qualified individual with a disability as one who can, with or without reasonable accommodation, perform the "essential functions" of his employment position. 42 U.S.C. § 1211(8). Smith's job required constant embarking and disembarking of an eighteen wheeler truck with high steps. Here, the summary judgment evidence and Smith's complaint shows that at the time of Smith's termination, he could not perform the essential functions of his position with or without reasonable accommodation (First Am. Compl. ¶3).[3] In fact, Smith was unable to do any type of work until January 2004, approximately 11 months after Tuesday morning terminated his employment. Because Smith could not attend work, he is not a "qualified individual with a disability" under the ADA. *See, e.g., Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996). Therefore, summary judgment is appropriate on this issue as well.

**D. Smith was not discharged due to his injury.**

---

[3] "Factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir.1983).

Finally, even if Smith had established his *prima facie* case, summary judgment would still be warranted because Smith has produced no evidence of a genuine issue of material fact in regards to Tuesday Morning's proffered nondiscriminatory reasons for terminating him. Tuesday Morning claims that Smith was terminated pursuant to a non-discriminatory employment policy by which employees who remain on leave for more than six months are terminated. At the end of six months, Smith was still restricted from performing any type of work under his doctor's advice. Thereafter, Tuesday Morning terminated him according to the policy. Under the *McDonnell Douglas* burden shifting analysis, Smith is required to show that Tuesday Morning's nondiscriminatory reason for termination was a pretext, and that the real reason for termination was because of his disability. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792(1973); *See also Daigle v. Liberty Life Insur. Co.*, 70 F.3d 394, 396 (5th Cir.1995). As a general proposition, an employer's termination of an employee for violation of a neutral attendance policy is legitimate. *Roberts v. Mega Life & Health Ins. Co.*, No. Civ.A. 304CV756M, 2005 WL 659026, *6 (N.D.Tex., March 22, 2005); *See also, Troupe v. Cintas*, No. Civ.A.3:99CV0193M, 2000 WL 1056327, at *3 (N.D.Tex. July 31, 2000). Therefore, summary judgment is appropriate for this reason as well.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Tuesday Morning's Motion for Summary Judgment, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

**It is so ORDERED.**

**ENTERED: October 2nd, 2007.**

*Jerry Buchmeyer*
————————————————

**JERRY BUCHMEYER,**

**SENIOR U.S. DISTRICT JUDGE**

**NORTHERN DISTRICT OF TEXAS**